# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ALICIA HIGGINS, | : | |
| Plaintiff, | : | |
| | | Case No. 3:04CV118 |
| | : | |
| vs. | | District Judge Walter Herbert Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| BEHR DAYTON THERMAL, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

**I.  INTRODUCTION**

Plaintiff Alicia Higgins filed a *pro se* Complaint in April 2004 claiming that her former employer, Defendant Behr Dayton Thermal, terminated her employment because of her race. Upon initial review pursuant to 28 U.S.C. §1915(e)(2), the Court concluded that Higgins' Complaint against Defendant should not be dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted. (Doc. #s 4, 5). In so doing, the Court found that the Complaint raised allegations, which if taken as true, were sufficient to support a claim against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2, *et seq*.[2]

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

[2] The Court dismissed the Complaint against the individual named defendants. (Doc. #4 at 3-4; Doc. #5). The only remaining Defendant is Behr Dayton Thermal.

This case is presently before the Court on Defendant's Motion for Summary Judgment and supporting exhibits (Doc. #20), to which Higgins has not responded. On April 27, 2005, the Court ordered Higgins to show cause, on or before May 13, 2005, why Defendant's Motion for Summary Judgment should not be granted on its merit or due to her failure to file a Memorandum in Opposition. (Doc. #21). The Court's Order to Show Cause also warned Higgins that her failure to respond to the Order may warrant dismissal of her case under Fed. R. Civ. P. 41(b) due to her failure to prosecute. (Doc. #21).

## II.     DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A.     Summary Judgment Standards

The central issue presented by a Motion for Summary Judgment is a threshold issue – whether the case presents a proper jury question. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). A moving party is entitled to summary judgment in its favor if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson*, 477 U.S. at 247.

"The burden placed upon the movant for summary judgment is to show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden at trial." *Guarino v. Brookfield Tp. Trustees,* 980 F.2d 399, 403 (6th Cir. 1992); *see Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). If the movant makes this showing, the non-moving party may not rely on the bare allegations of the Complaint but must present affirmative evidence in support of his or her claims. *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994); *see Mitchell v. Toledo Hospital*, 964 F.2d 577, 582 (6th Cir. 1992).

Because Higgins is proceeding *pro se*, the Court must construe her Complaint liberally in her favor. *See Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993). The Court, however, is not required "to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id*. at 404; *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989); *Street*, 886 F.2d at 1479-80. Rather, the burden falls on Higgins at this stage of the litigation to designate specific facts or evidence in dispute. *See Anderson*, 477 U.S. at 250; *see also Metiva*, 31 F.3d at 379.

The Court must ultimately determine at the summary-judgment stage whether the evidence presents a sufficient factual disagreement to require submission of the challenged claim or claims to a jury or whether the evidence is so one-sided that the moving party must prevail as a matter of law. *Anderson*, 477 U.S. at 251-52; *see Little Caesar Enterprises*, 219 F.3d at 551.

B.      **Higgins' Prima Facie Case Fails**

Defendant contends that Higgins cannot support her Title VII claim with direct or circumstantial evidence of race discrimination. This contention is well taken due to Higgins' failure to respond to or oppose Defendant's Motion for Summary Judgment with any evidence, let alone evidence sufficient to create a genuine issue of material fact.

Title VII prohibits an employer from discriminating against any individual "with respect to ... terms, conditions, or privileges of employment...." because of the individual's race. 42 U.S.C. § 2000e-2(a). To survive an employer's motion for summary judgment, a plaintiff must produce affirmative evidence from a which a jury could reasonably conclude that the employer intentionally discriminated against the plaintiff because of his or her race. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see McDonnell Douglas Corp. v.*

3

*Green*, 411 U.S. 792, 802 (1973); *see also Street*, 886 F.2d at 1479-80 (affirmative evidence required to defeat properly supported Motion for Summary Judgment).

Because Higgins has not opposed Defendant's Motion for Summary Judgment, she has not met her burden of producing affirmative direct evidence in support of her Title VII race discrimination claim. Consequently, she must support her Title VII claim with circumstantial evidence of intentional discrimination under the *McDonnell Douglas/Burdine* analytical framework. *See Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 348 (6th Cir. 1998)(plaintiff may prove discrimination by either direct or circumstantial evidence). To do so, Higgins' initial burden is to produce evidence of a prima facie case of race discrimination. *See McDonnell Douglas*, 411 U.S. at 802.

To establish a prima facie case of race discrimination, Higgins must produce evidence indicating (1) that she is a member of a statutorily protected class; (2) that she experienced an adverse employment action; (3) that she was qualified for the job she held; and (4) "that similarly situated non-protected employees were treated more favorably." *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995).

Defendant contends, in part, "the record is devoid of evidence that [Higgins] was treated differently than a similarly situated non-protected employee." (Doc. #20 at 15). By not opposing Defendant's Motion for Summary Judgment, Higgins has not presented affirmative evidence supporting the inference that Defendant treated a non-protected employee, who was similarly situated to her in all relevant respects, more favorably than her. Higgins has therefore failed to create a genuine dispute over an essential element of her prima facie case of race discrimination. *See McDonnell Douglas Corp.*, 411 U.S. at 802; *see also Ercegovich v.*

4

*Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352-53 (6th Cir. 1998); *Mitchell*, 964 F.2d at 582.

Accordingly, Defendant's Motion for Summary Judgment is well taken.

### III. DISMISSAL FOR FAILURE TO PROSECUTE

District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Higgins' Complaint should be dismissed pursuant to Rule 41(b) due to her failure to prosecute. Higgins has not responded to Defendant's Motion for Summary Judgment, she has not responded to the Court's Order to Show Cause, and she has not otherwise prosecuted this case in over seven months (since attending her deposition on October 1, 2004, *see* Doc. # 20, Exhibit 1). *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

Accordingly, Higgins' Complaint should be dismissed under Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant Behr Dayton Thermal's Motion for Summary Judgment (Doc. #20) be GRANTED;

2. Plaintiff Alicia Higgins' Complaint be DISMISSED under Fed. R. Civ. P. 41(b) due to her failure to prosecute; and

3. The case be terminated on the docket of the Court.

May 20, 2005
                  s/ Sharon L. Ovington
                  Sharon L. Ovington
                  United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

      Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).